UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE WALLACE,

        Plaintiff,                            CIVIL ACTION NO. 12-CV-11296

vs.                                   DISTRICT JUDGE DAVID M. LAWSON

MICHIGAN COMPUTATION        MAGISTRATE JUDGE MONA K. MAJZOUB
BOARD,

        Defendant,
_____/

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** This Court recommends that Defendant's motion for summary judgment (docket no. 13) be granted and Plaintiff's complaint be dismissed.

**II.** **REPORT:**

This matter comes before the Court on Defendant's motion for summary judgment. (Docket no. 13). Plaintiff did not file a response to the motion and the time for responding has expired. All pretrial matters have been referred to the undersigned for action. (Docket no. 7). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.** **Facts**

Plaintiff filed this *pro se* action against the Michigan Computation Board on March 23, 2012 pursuant to 42 U.S.C. § 1983. It is assumed Plaintiff intended to sue the Michigan Commutation Board, which has been abolished and replaced by the Michigan Parole Board. At the time Plaintiff filed his complaint he was incarcerated at the Gus Harrison Correctional Facility. (Docket no. 1).

Plaintiff was released on parole on April 17, 2012. (Docket nos. 10, 11). He alleges in his complaint that the Parole Board's decision to revoke his parole violated his Fifth and Fourteenth Amendment rights. (Docket no. 1). Plaintiff requests $900,000 in damages and asks to be discharged from parole.

**B.      Governing Law**

Defendants move for entry of summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.*

**C.      Analysis**

Defendants move for summary judgment, arguing that Plaintiff is not entitled to damages or injunctive relief from the Michigan Parole Board. The undersigned agrees and recommends dismissal of Plaintiff's complaint.

The Michigan Parole Board is an entity within the Michigan Department of Corrections. As such, it is immune from suit under the Eleventh Amendment. *Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 492 (6th Cir. 2004). Eleventh Amendment immunity is jurisdictional and applies regardless of the relief requested. *Horton v. Martin*, 137 Fed. Appx. 773, 775 (6th Cir. 2005) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-102 (1984)). Thus, the Michigan Parole Board is immune from claims seeking injunctive or monetary relief.

The undersigned recommends that Defendants motion for summary judgment be granted and Plaintiff's complaint be dismissed.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 25, 2013            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Antoine Wallace and Counsel of Record on this date.

Dated: January 25, 2013             s/ Lisa C. Bartlett
                                    Case Manager